UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUSSELL SMITH,

    Petitioner,

v.            Case No. 3:06-cv-400-J-32HTS

WALTER A. MCNEIL,[1]
et al.,
    Respondents.

**ORDER**[2]

**I. Status**

  Petitioner Russell Smith, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on April 30, 2006, pursuant to the mailbox rule.[3] Petitioner challenges a 2003 state court (Duval

---

 [1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted for James R. McDonough as the proper party Respondent having custody over Petitioner.

 [2] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

 [3] The Petition (Doc. #1) was filed in this Court on May 3, 2006; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (April 30, 2006). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

County, Florida) judgment of conviction for armed robbery, armed carjacking and armed kidnapping on the following grounds: (1) ineffective assistance of trial counsel for counsel's failure to object to the prosecutor's statements that Petitioner had lied, and (2) prosecutorial misconduct occurred at the trial "[w]hen [the] prosecutor denied duress was a defense for defendant when in fact [the] judge said that it was a defense." Petition at 7.

Respondents have responded. See Respondents' Answer in Response to Order to Show Cause (Doc. #7) (hereinafter Response).[4] Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #6). Petitioner has notified the Court that he will not file a Reply, but will rely on his claims and allegations as stated in his Petition. See Petitioner's Notice (Doc. #11). This case is now ripe for review.

## II. Procedural History

On October 16, 2003, the State charged Petitioner Russell Smith with armed kidnapping, armed carjacking, armed robbery and resisting an officer without violence to his or her person. Ex. A, Amended Information. Prior to the trial, the State announced a nol pros of the charge of resisting an officer without violence. Ex. B, Transcript of the Trial Proceedings (hereinafter Tr.) at 9; Ex.

---

[4] The Court will hereinafter refer to Respondents' exhibits as "Ex."

E at 36-37. The jury found Petitioner guilty as charged. Tr. at 429-30. On December 22, 2003, the court sentenced Petitioner, as a habitual felony offender, to concurrent sentences of twenty-five years on each count. Ex. C; Ex. D; Ex. E.

On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Ex. F. In the Anders brief, counsel requested that Petitioner be given a reasonable amount of time in which to file a *pro se* brief if he chose to do so. Id. at 8. Further, counsel noted that "[a] motion to effectuate this request is being filed simultaneously with this brief." Id. Petitioner did not file a *pro se* brief, and the State did not file an answer brief. On February 10, 2005, the appellate court per curiam affirmed without issuing a written opinion. Smith v. State, 894 So.2d 250 (Fla. 1st DCA 2005); Ex. G. On March 8, 2005, the mandate was issued. Ex. G.

On or about March 30, 2005, Petitioner filed a *pro se* Motion for Reduction or Mitigation of Sentence. Ex. H. On May 13, 2005, the court denied the motion. Ex. I.

On December 15, 2005, Petitioner filed a *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, raising the following claims: (1) ineffective assistance of trial counsel for counsel's failure to object to the prosecutor's comments that Petitioner was a liar, and (2) the prosecutor committed a fundamental error when she stated that duress was not a defense for

3

Petitioner and when she deliberately and repeatedly called Petitioner a liar. Ex. J. On February 1, 2006, the court denied the motion. Ex. K. Petitioner did not appeal.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. See 28 U.S.C. § 2244(d); Response at 5.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted.

## V. Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review:

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[5] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d);

---

[5] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. 1933, 1939 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

5

> Marquard, 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)." Schriro, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the

extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## VI. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit recently captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of

7

ineffective assistance of counsel are few and far between.'" <u>Van Poyck v. Florida Dep't of Corr.</u>, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

The Eleventh Circuit stated:

> The Supreme Court has established certain principles and presumptions to guide our review of ineffectiveness claims under the flexible, case-specific standards of <u>Strickland</u>. We engage only in a "highly deferential" review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. at 2065 (quotation omitted). As a result of this presumption, a petitioner must show "that no competent counsel would have taken the action that his counsel did take." <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). Thus, "where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." <u>Id</u>. at 1314 n. 15 (quoting <u>Williams v. Head</u>, 185 F.3d 1223, 1228 (11th Cir. 1999)). Moreover, because the standard is an objective one, trial counsel's admission that his performance was deficient "matters little." <u>Id</u>. at 1315 n.16. We must also avoid "the distorting effects of hindsight" and evaluate the reasonableness of counsel's performance from the perspective of counsel at the time the acts or omissions were made. <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. at 2065.

<u>Jennings v. McDonough</u>, 490 F.3d 1230, 1243-44 (11th Cir. 2007).

8

## VII. Findings of Fact and Conclusions of Law

Petitioner claims that defense counsel (Debra Billard, Assistant Public Defender)[6] was ineffective for failure to object to the prosecutor's statements that Petitioner had lied (ground one) and prosecutorial misconduct occurred at the trial "[w]hen [the] prosecutor denied duress was a defense for defendant when in fact [the] judge said that it was a defense." Petition at 7. As acknowledged by the parties, Petitioner raised these claims in his Rule 3.850 motion. In denying the grounds on the merits, the trial court stated in pertinent part:

> The Court has personally considered the record herein, including a transcript of the trial of this cause, which occurred on October 23 through 24, 2003. The Court notes that the Defendant testified in his own defense at the trial. There is no record evidence that the prosecutor ever called the Defendant a liar.
>
> During closing argument, though, the prosecutor did make the following remarks concerning the Defendant's veracity.
>
>> "Darren Kicklighter's testimony proved to you that the defendant lied to the police when given an opportunity to explain to them what happened. Darren Kicklighter's testimony proves to you that the defendant did not tell you the truth today when he said that this was all a matter of working under Joey Richardson. Darren Kicklighter's testimony told you that this

---

[6] At the time of Petitioner's trial in October of 2003, Ms. Billard had been practicing law over twelve years; she was admitted to the Florida Bar in 1991. See http://www.floridabar.org.

defendant did not tell you the truth today when the defendant told you that he was imploring Joey Richardson to release the victim because Darren Kicklighter remembered a lot about that evening, very succinctly, and he told you specifically that he never heard this defendant make such a request of Joey Richardson." (App. R - pgs. 128-129)[7]

The prosecutor further stated in closing argument in the context of the Defendant's having admitted that he had lied to the police in order to distance himself from the crime in question:

"Russell Smith in taking the stand saying I lied then because I wanted to distance myself as much as possible is a very good reason why he lied to you today, ladies and gentlemen." (App. R. p. 135)[8]

"The third very important piece of proof against this defendant are his own words. The Defendant's statements both today, his testimony to you and his statements to the police that he has admitted to you are lies." (App. R[.] p. 139)[9]

Regarding the Defendant's duress, the only remarks made by the prosecutor at trial were during closing argument as follows:

"Ms. Billard told you that her client committed this crime under duress and Judge Day is going to read you an instruction of duress

---

[7] Tr. at 357.

[8] Tr. at 364.

[9] Tr. at 368.

10

and the law in Florida says if somebody gets caught up in something and acts under duress they are excused from their criminal actions. That is not the case here for many reasons that we'll discuss, but the most important thing that you need to concentrate on when Judge Day reads you this instruction, and he's going to read you a lot of instructions tomorrow, the principal instruction approximately on page 25. You'll have a copy of the instructions when you go back and this instruction as to duress is right after the principal instruction. And what Judge Day is going to tell you is that the defendant, in order to be granted this excuse, this defense, he must have had -

THE COURT: Let me see the attorneys at the side-bar.

(Counsel for the State and Defense approached the bench for a side-bar conference out of the hearing of the jury and court reporter.)

THE COURT: Ladies and gentlemen of the jury, I want to make sure that you understand that what the attorneys say is not evidence and is not law. I also want to tell you that the defense of duress or necessity is a valid and recognized defense in the State of Florida.

Proceed, counsel.

MS. WILLIAMSON: And in the State of Florida what it says is that if a person commits a crime because of duress they're excused from their criminal actions. The reason that this defendant cannot be afforded your recognizance of this defense is

because Judge Day will tell you that in order to give this defense to him that the defendant had no reasonable means to avoid danger. That's the most important thing in that instruction under these facts for you to consider. No other reasonable means to avoid the danger and he had many means, as you know. He could have walked away from the vehicle, he could have chosen not to get in the vehicle. When he was in the woods, he said hiding, he could have left then and called for help. He did not do that.

Ladies and gentlemen, after Judge Day reads you the instruction of duress, you will see that this defendant did not act under duress because he had reasonable means to escape, He was the robber in this case. He was a cohort of Joey Richardson and because of that he is guilty." (App. R[.] 132-34)[10]

. . . .

This Court concludes as a matter of law that the remarks made by the prosecutor at the trial of this cause regarding lies by the Defendant were permissible, because they were made solely with regard to the testimony of the Defendant during the trial. Craig v. State, 510 So.2d 857, 865 (Fla., 1987) cert. den. 484 U.S. 1020 (1998); see, also, Davis v. State, 698 So.2d 1182, 1190 (Fla., 1997) cert. den. 522 U.S. 1127 (1998).

In addition, the Court finds that the prosecutor's labeling the defense of duress as an "excuse" did not amount to prosecutorial misconduct, nor fundamental error, nor even reversible error; especially in light of the Court's corrective instruction to the jury.

---

[10] Tr. at 361-63.

12

Ex. K at 1-4.

Although Petitioner raised the claims in his Rule 3.850 motion, he did not perfect his appeal of the order denying the Rule 3.850 motion. A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. See Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner, 339 F.3d at 1281 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). "This exhaustion doctrine 'is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.'" Turner, 339 F.3d at 1281 (quoting O'Sullivan, 526 U.S. at 845).

Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). A federal court need not dismiss the petition to allow for exhaustion of state remedies, however, if such a dismissal would be futile.

> [I]f the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and

13

> procedural default principles combine to mandate dismissal.

Bailey v. Nagle, 172 F.3d at 1303 (citing Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir.), cert. denied, 525 U.S. 963 (1998)).

Respondents contend, and this Court agrees, that because Petitioner failed to appeal, he did not fully exhaust the claims in state court. See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (finding that exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.) (finding that claims presented in a post-conviction motion but not appealed were procedurally barred in subsequent habeas proceedings), cert. denied, 502 U.S. 944 (1991); Smith v. Jones, 923 F.2d 588, 589 (8th Cir. 1991) (finding that the claims presented in a post-conviction motion that were not included in the appeal of the order denying that motion were procedurally barred).

It would be futile to dismiss this case to give Petitioner the opportunity to exhaust his claims because he could have and should have perfected his appeal of the order denying his Rule 3.850 motion. Thus, these grounds have been procedurally defaulted.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004). "[A] federal court may also grant a habeas

14

petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. While Petitioner claims he did not appeal the denial of the Rule 3.850 motion because he "ran out of time being transferred around to different institutions" (see Petition at 7, 8), he has not shown that he was unable to file an appeal or request an extension of time to do so. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court need not address Petitioner's claims.

Even assuming *arguendo* that Petitioner exhausted these claims, he is not entitled to relief. The claims were rejected on the merits by the state trial court. Thus, there is a qualifying state court decision. The Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state

15

court decision that we are to decide."  Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Accordingly, the grounds should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of the claims because the state court's adjudication of the claims was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## VIII. Conclusion

Any other claims not specifically addressed are found to be without merit.  Accordingly, for all of the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

sc 5/7
c:
Russell Smith
Ass't Attorney General (Pate)